## DECISION OF CHIEF JUSTICE LEE.—IN ADMIRALTY.

### THOMAS SPENCER *vs.* WM. BAILEY and GEO. S. GILBERT.

The court adopted the rule of admiralty courts in other countries, as to the verification of the claim of a party intervening.

A loose and general allegation of ownership is not sufficient.

The claim should be accompanied by a stipulation for the payment of costs and expenses, particularly when the claimant resides abroad.

Claimant's attorney must show his authority to appear, if demanded. (See Gregory *vs.* Hanna, July Term, 1852.)

A claim has been filed in this suit with permission of the court, by William Fell and others, of San Francisco, California, setting forth that they are the real and *bona fide* owners of the ship "Nile," attached in this suit; and that they were such owners at the time of of the seizure of said ship; and concluding with the prayer that the attachment may be dismissed, with costs against the libellant.

Upon the filing of this claim, the libellant comes in and moves the court to treat it as a nullity; and that the default entered against all parties not intervening, shall be made absolute as against the claimants, for the following reasons, viz:

1. The claim is not verified by oath, as it should be.

2. The title upon which the claim is based is not set forth; and therefore is insufficient, uncertain, and cannot be answered.

3. The claim is unaccompanied by any stipulation for costs and damages, as required in such cases.

4. The parties appearing as Proctors show no authority for their appearance in behalf of the claimants; and until this is shown, the claim cannot be treated as real.

I cannot grant the motion to treat this claim as a nullity, and make absolute the default as against the claimants; for the practice of our court in admiralty matters has not been so fully established, as to justify us in turning the claimants out of court on either of the points raised by the libellant in his motion. The claimants may have committed errors, which call for the direction of the court to set them right, but they are not such errors as are fatal to their claim.

The first point made is, that the claim should have been verified by the oath of the parties, or, in case of their absence, by their authorized agent. The rules of admiralty practice in other countries require that a claim of this kind should be made and verified by the oath of the party in whose behalf it is interposed, when he resides in the country or within a convenient distance; but when he resides out of the country, it may be interposed and verified by an agent. (Vide. Dunlap's Admiralty Practice, 161, 163, 164, 166; Conkling's Ad. Practice, 545, 546.) The reason and justice of this rule are too obvious to require comment; and we hereby order that it be followed in this case, and in all future cases arising in this court of a like nature. Where owners interpose, as in this case, they should verify their claim by oath, stating that they are the true and *bona fide* owners of the property, and that no other person has any interest therein.

The next ground taken is, that the claim is not set forth with any

certainty; and therefore, that the libellant ought not to be compelled to answer the same. The claimants allege in general terms that they are "the real and *bona fide* owners of the ship Nile, seized at the suit of the libellant, and were at the time of said seizure;" and this they say is sufficient. This general allegation, they say, means that we are owners by bill of sale, just as plainly as if the whole transaction was set forth in detail. Evidence of such a bill of sale has been once submitted to the court, and in our opinion it should be incorporated in the claim, in order that the adverse party may be fairly and fully apprised of what he has to meet. Let us have a specification of the manner, time, place, occasion and other incidents of the sale. I do not say that in claims of this kind it is necessary to set forth at great length all the minute details of the claim, but the statement should be clear and certain as to its main circumstances. The loose and general allegation of ownership is insufficient; for it does not fairly apprise the other party of the nature and import of the evidence to be adduced in support of such allegation.

The third point is, that the claim is unaccompanied by any stipulation for costs and damages, which may be decreed against the claimants, and should therefore be treated as a nullity. There is no doubt that a claim of this nature should be accompanied by a stipulation with sureties for the payment of all costs and expenses which may be awarded against the claimants by the final decree of the court; for this is required by the admiralty practice of other countries, and moreover, by reason and justice, especially where the claimants are non-resident. To say that parties should be put to the trouble, expenses and delay attending the interposition of such a claim as this, with no hope of obtaining indemnity for the costs, in case such claim should finally appear to be unfounded in truth, would be to subject them to a most unreasonable and grievous hardship. The sound rule is, in my opinion, to require security for the costs to be given in all cases where the claimants reside out of the jurisdiction of the court, and in all other cases where justice requires it. "Where a party claims property, or the proceeds of property libelled, he will be required to file a security according to the rules of the court, and if he neglects to do it, the claim will be disregarded." (See Dunlap's Ad. Pr., 164, 165. Conkling's Ad. Pr. 540. 2 Gall. R. 307.) Such being my opinion, I do accordingly direct and order that security be filed by the claimants in the sum of five hundred dollars.

In reference to the fourth and last point, I would remark, that the rule of this court, as established in former cases is, that the attorney must show his authority when required. Where an attorney takes upon him to appear, the court, as a general rule, proceeds as if the attorney had sufficient authority, unless it is demanded by the opposite party, when it will require it to be shown. See the case of Gregory *vs.* Hanna, tried at the July term, 1852, and reported in the *Polynesian* of July 10, 1852.

January 18, 1854.

The counsel for claimants being unable to verify the claim agreeably with the above decision, withdrew the same.

Mr. Bates for plaintiff.

Mr. Blair and Mr. Harris for claimants.